IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ASHLEY MORRIS,   *

  Plaintiff,   *

        Civil Action No. RDB-19-1351

v.   *

DOUGLAS R. LEVENE, *et al.*,   *

  Defendants.   *

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

On July 8, 2019, this Court entered its Memorandum Order (ECF No. 72), granting Defendant the United States' ("Defendant" or "United States") Motion to Dismiss, and remanding Plaintiff Ashley Morris's ("Plaintiff" or "Morris") case to the Circuit Court for Frederick County, Maryland. Now pending is Morris's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) or in the Alternative, Motion Seeking Relief from Judgment Pursuant to Fed. R. Civ. P. 60(e). (ECF No. 74). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Morris's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) or in the Alternative, Motion Seeking Relief from Judgment Pursuant to Fed. R. Civ. P. 60(e) (ECF No. 74) is DENIED.

## **BACKGROUND**

On December 13, 2018, Plaintiff filed an action in the Circuit Court for Frederick County, Maryland, Case No. C-10-CV-18-001029, to foreclose the right of redemption of two

real properties. (*See* Compl., ECF No. 4.) The United States was identified as one of the defendants and was served with a summons on April 22, 2019. (*Id.*; *see also* Writ of Summons, ECF No. 5.) The United States timely removed the case to this Court on May 8, 2019, and promptly filed a Motion to Dismiss the United States as a defendant. (ECF Nos. 1, 3.)

On July 8, 2019, this Court granted the United States' Motion to Dismiss and remanded this case to the Circuit Court for Frederick County, Maryland. (ECF No. 72.) On July 19, 2019, Plaintiff filed the present Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) or in the Alternative, Motion Seeking Relief from Judgment Pursuant to Fed. R. Civ. P. 60(e) (ECF No. 74), asking this Court to reconsider its July 8, 2019 Memorandum Order (ECF No. 72).

## STANDARD OF REVIEW

Morris moves for reconsideration under both Rules 59(e) and 60 of the Federal Rules of Civil Procedure. Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, and Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). As this Court explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted). Morris filed her motion within 28 days of this Court's Order granting the United States' Motion to Dismiss. Accordingly, Rule 59(e) governs this Court's analysis. *See,*

2

*e.g., Knott v. Wedgwood*, DKC-13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014) ("Although Plaintiff purports to bring his motion for reconsideration under Rule 60(b)(1), because it was filed within twenty-eight days of entry of the underlying order, it is properly analyzed under Rule 59(e).")

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment[1] may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008); *see also Fleming v. Maryland National Capital Park & Panning Commission*, DKC-11-2769, 2012 WL 12877387, at *1 (D. Md. Mar. 8, 2012). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Kelly v. Simpson*, RDB-16-4067, 2017 WL 4065820, at *1 (D. Md. Jan. 26, 2017). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Fleming*, 2012 WL 12877387, at *1.

## ANALYSIS

Plaintiff has not met the high bar she faces to succeed on her Motion to Alter or Amend. There has been no intervening change in controlling law since this Court's Memorandum Order of July 8, 2019; no new evidence has come to light; and no clear error of

---

[1] Rule 59(e) applies only to final judgments. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991).

3

law or manifest injustice has been identified in this Court's Order. This Court granted the United States' Motion to Dismiss because "the nature of the instant proceeding is not one to which sovereign immunity has been waived under 28 U.S.C. § 2410." (ECF No. 72 at 1-2 (citing *Kasdon v. United States*, 707 F.2d 820, 823 (4th Cir. 1983).) Plaintiff's only argument for alteration or amendment under Rule 59(e) is that the United States *has* waived sovereign immunity "in actions of the type brought by Plaintiff under 28 U.S.C. § 2410," specifically an action under § 2410(a)(2), which Plaintiff argues covers an action to foreclose the right of redemption on a State of Maryland tax lien. (Pl.'s Mot. at 2-3, ECF No. 74.) However, 28 U.S.C. § 2410(c) instructs that "an action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale." In *Kasdon*, the United States Court of Appeals for the Fourth Circuit determined that Maryland tax sales, of the type Plaintiff asserts, are not "judicial sales" within the meaning of the 28 U.S.C. § 2410. 707 F.2d at 823. Consequently, the United States has not waived sovereign immunity for the action Plaintiff brings.

This Court already considered and rejected Plaintiff's argument in its July 8, 2019 Memorandum Order, relying on Fourth Circuit precedent, which established that Maryland tax sales are not covered by the waiver of sovereign immunity under 28 U.S.C. § 2410. (ECF No. 72 at 1-2 (citing *Kasdon*, 707 F.2d at 823).) Because Rule 59(e) does not permit a party to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment," *Pacific Ins. Co.*, 148 F.3d at 403, this Court concludes that Plaintiff has failed to meet her burden for the extraordinary remedy of reconsideration of a judgment after its entry.

## CONCLUSION

For the foregoing reasons, it is this 12th day of February, 2020, HEREBY ORDERED that:

1. Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) or in the Alternative, Motion Seeking Relief from Judgment Pursuant to Fed. R. Civ. P. 60(e) (ECF No. 74) is DENIED; and

2. The Clerk of the Court transmit copies of this Memorandum Order to Counsel.

_____
Richard D. Bennett
United States District Judge